UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JACQUELINE S. HALLIBURTON<br>    Plaintiff,<br><br>V.<br><br>OCWEN LOAN SERVICING, LLC,<br>PHH MORTGAGE CORPORATION,<br>NEWREZ MORTGAGE LLC, and THE<br>BANK OF NEW YORK MELLON<br>TRUST COMPANY, NATIONAL<br>ASSOCIATION AS TRUSTEE FOR<br>RESIDENTIAL ASSET MORTGAGE<br>PRODUCTS, INC., HOME EQUITY<br>MORTGAGE ASSET-BACKED PASS-<br>THROUGH CERTIFICATES, SERIES<br>2004-KR2<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§   CIVIL ACTION NO. 4:20-CV-00919 |

**DEFENDANTS' ANSWER & AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants PHH Mortgage Corporation, on its own behalf and as successor-by-merger to Ocwen Loan Servicing, LLC ("*PHH*"), NewRez Mortgage, LLC ("*NewRez*"), and The Bank of New York Mellon Trust Company, National Association as Trustee for Residential Asset Mortgage Products, Inc., Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2004-KR2 ("*BONY Mellon*") (collectively, "*Defendants*") file this Answer and Affirmative Defenses to Plaintiff's First Amended Complaint (Doc. No. 9) and would respectfully show as follows:

**I.    PRELIMINARY STATEMENT**

1.      No response is required to the allegations in Paragraph 1 of the First Amended Complaint but to the extent one is required, Defendants deny Plaintiff is entitled to the relief sought in the First Amended Complaint.

2.      Defendants deny the allegations in Paragraph 2 of the First Amended Complaint.

## II.     JURISDICTION & VENUE

3. Defendants admit the allegations in Paragraph 3 of the First Amended Complaint.

4. Defendants admit the allegations in Paragraph 4 of the First Amended Complaint.

5. Defendants admit the allegations in Paragraph 5 of the First Amended Complaint.

## III.     PARTIES

6. Upon information and belief, Defendants admit the allegations in the first sentence of Paragraph 6 of the First Amended Complaint. Defendants admit that Plaintiff is the borrower of the mortgage loan at issue in this litigation but deny the remaining allegations in the second sentence of Paragraph 6 of the First Amended Complaint.

7. Defendants deny that Ocwen Loan Servicing, LLC is currently a foreign limited liability company doing business in the State of Texas. Defendants admit the remaining allegations in Paragraph 7 of the First Amended Complaint.

8. Defendants deny that PHH Mortgage Corporation is a limited partnership as alleged in Paragraph 8 of the First Amended Complaint. Defendants admit the remaining allegations in Paragraph 8 of the First Amended Complaint.

9. Defendants admit the allegations in Paragraph 9 of the First Amended Complaint.

10. Defendants admit that BONY Mellon is the owner and holder of the Deed of Trust and Note at issue in this litigation, but Defendants deny that this amounts to doing business in the State of Texas. Defendants deny the remaining allegations in Paragraph 10 of the First Amended Complaint.

## IV.     FACTUAL BACKGROUND

11. Defendants admit the allegations in Paragraph 11 of the First Amended Complaint.

12. Defendants admit the allegations in the first three sentences of Paragraph 12 of the First Amended Complaint. Defendants are without sufficient information to admit or deny the allegations in the fourth sentence of Paragraph 12 of the First Amended Complaint. Defendants admit Ocwen began servicing the loan in 2013 and admit that in 2019 Ocwen merged with and into PHH, effective June 1, 2019. Defendants deny the remaining allegations in Paragraph 12 of the First Amended Complaint.

13. Defendants lack knowledge sufficient to form a belief as to the allegations contained in Paragraph 13 of the First Amended Complaint, and therefore deny those allegations.

14. Defendants lack knowledge sufficient to form a belief as to the allegations contained in Paragraph 14 of the First Amended Complaint, and therefore deny those allegations.

15. Defendants admit that Plaintiff filed suit against Ocwen in April 2015 alleging claims for breach of contract, negligence, conversion, and declaratory judgment but deny Plaintiff's allegations of incorrect accounting and misapplication of her payments. Defendants admit the allegations in the second sentence of Paragraph 15 of the First Amended Complaint.

16. Defendants admit the allegations in Paragraph 16 of the First Amended Complaint.

17. Defendants lack knowledge sufficient to form a belief as to the allegations contained in Paragraph 17 of the First Amended Complaint, and therefore deny those allegations.

18. Defendants lack knowledge sufficient to form a belief as to the allegations contained in the first and fourth sentences of Paragraph 18 of the First Amended Complaint, and therefore deny those allegations. Defendants deny the remaining allegations in Paragraph 18 of the First Amended Complaint.

19. Defendants deny the allegations in Paragraph 19 of the First Amended Complaint.

20. Defendants deny the allegations in Paragraph 20 of the First Amended Complaint.

21. Defendants deny the allegations in the first, third, fourth, fifth, sixth, and seventh sentences of Paragraph 21 of the First Amended Complaint. Defendants admit the allegations in the second sentence of Paragraph 21 of the First Amended Complaint.

22. Defendants admit the allegations in the first sentence of Paragraph 22 of the First Amended Complaint. Defendants deny the remaining allegations in Paragraph 22 of the First Amended Complaint.

## V. CAUSES OF ACTION

### Count 1—Breach of Contract

23. No response is required to Paragraph 23 of the First Amended Complaint because it is a statement incorporating prior paragraphs.

24. Defendants admit the allegations in Paragraph 24 of the First Amended Complaint.

25. Defendants deny the allegations in Paragraph 25 of the First Amended Complaint.

26. Defendants lack knowledge sufficient to form a belief as to the allegations contained in the first sentence of Paragraph 26 of the First Amended Complaint, and therefore deny those allegations. Defendants deny the allegations in the second sentence of Paragraph 26 of the First Amended Complaint because the Modification Agreement is the best evidence of its contents.

27. Defendants deny the allegations in Paragraph 27 of the First Amended Complaint.

28. Defendants deny the allegations in Paragraph 28 of the First Amended Complaint.

29. Defendants deny the allegations in Paragraph 29 of the First Amended Complaint.

30. Defendants admit the allegations in the first two sentences of Paragraph 30 of the First Amended Complaint. Defendants deny the remaining allegations in Paragraph 30 of the First Amended Complaint

31. No response is required to Paragraph 31 of the First Amended Complaint because it contains legal argument and conclusions of law. To the extent a response is required, Defendants deny the allegations contained in Paragraph 31 of the First Amended Complaint.

32. Defendants deny the allegations in the first and third sentences of Paragraph 32 of the First Amended Complaint. Defendants admit the allegations in the second sentence of Paragraph 32 of the First Amended Complaint.

33. Defendants deny the allegations in Paragraph 33 of the First Amended Complaint.

**Count 2—Violation of the Texas Property Code**

34. No response is required to Paragraph 34 of the First Amended Complaint because it is a statement incorporating prior paragraphs.

35. No response is required to Paragraph 35 of the First Amended Complaint because it contains statements of law.

36. Defendants deny the allegations in Paragraph 36 of the First Amended Complaint.

37. Defendants deny the allegations in Paragraph 37 of the First Amended Complaint.

**Count 3—Violation of the Texas Debt Collection Act ("TDCA")**

38. No response is required to Paragraph 38 of the First Amended Complaint because it is a statement incorporating the prior paragraphs.

39. No response is required to Paragraph 39 of the First Amended Complaint because it contains legal argument.

40. Defendants deny the allegations in Paragraph 40 of the First Amended Complaint.

41. No response is required to Paragraph 41 of the First Amended Complaint because it contains legal argument and makes a conclusion of law.

42. Defendants deny the allegations in Paragraph 42 of the First Amended Complaint.

43. Defendants deny the allegations in Paragraph 43 of the First Amended Complaint.

44. No response is required to Paragraph 44 of the First Amended Complaint because it contains legal argument and makes a conclusion of law, but to the extent one is required, Defendants deny Plaintiff is entitled to the relief sought in Paragraph 44 of the First Amended Complaint.

**Count 4—Violation of the Fair Debt Collection Practices Act ("FDCPA")**

45. No response is required to Paragraph 45 of the First Amended Complaint because it is a statement incorporating the prior paragraphs.

46. Defendants deny the allegations in Paragraph 46 of the First Amended Complaint.

47. No response is required to Paragraph 47 of the First Amended Complaint because it contains legal argument. To the extent a response is required, Defendants deny the allegations in Paragraph 47.

48. Defendants deny the allegations in Paragraph 48 of the First Amended Complaint.

49. No response is required to Paragraph 49 of the First Amended Complaint because it contains statements of law.

50. No response is required to Paragraph 50 of the First Amended Complaint because it contains statements of law.

51. No response is required to Paragraph 51 of the First Amended Complaint because it contains statements of law.

52. Defendants deny the allegations in Paragraph 52 of the First Amended Complaint.

53. Defendants deny the allegations in Paragraph 53 of the First Amended Complaint.

54. Defendants deny the allegations in Paragraph 54 of the First Amended Complaint.

55. Defendants deny the allegations in Paragraph 55 of the First Amended Complaint.

56. Defendants deny the allegations in Paragraph 56 of the First Amended Complaint.

57. Defendants deny the allegations in Paragraph 57 of the First Amended Complaint.

58. Defendants deny Plaintiff is entitled to the relief sought in Paragraph 58 of the First Amended Complaint.

**Count 5—Violation of Regulation X of the Real Estate Settlement Procedures Act of 1974 ("RESPA")**

59. No response is required to Paragraph 59 of the First Amended Complaint because it is a statement incorporating prior paragraphs.

60. No response is required to Paragraph 60 of the First Amended Complaint because it contains legal argument.

61. No response is required to Paragraph 61 of the First Amended Complaint because it contains legal argument.

62. No response is required to Paragraph 62 of the First Amended Complaint because it contains statements of law.

63. Defendants deny the allegations in Paragraph 63 of the First Amended Complaint.

64. Defendants deny the allegations in Paragraph 64 of the First Amended Complaint.

65. Defendants deny the allegations in Paragraph 65 of the First Amended Complaint.

66. Defendants deny Plaintiff is entitled to the relief sought in Paragraph 66 of the First Amended Complaint.

**Count 6—Violation of Regulation Z of the Truth in Lending Act ("TILA") of 1968**

67. No response is required to Paragraph 67 of the First Amended Complaint because it is a statement incorporating prior paragraphs.

68. No response is required to Paragraph 68 of the First Amended Complaint because it contains statements of law.

69. Defendants deny the allegations in Paragraph 69 of the First Amended Complaint.

70. No response is required to Paragraph 70 of the First Amended Complaint because it contains statements of law.

71. Defendants deny the allegations in Paragraph 71 of the First Amended Complaint.

72. Defendants deny Plaintiff is entitled to the relief sought in Paragraph 72 of the First Amended Complaint.

**Count 7—Violation of the Fair Credit Reporting Act ("FCRA")**

73. No response is required to Paragraph 73 of the First Amended Complaint because it is a statement incorporating the prior paragraphs.

74. No response is required to Paragraph 74 of the First Amended Complaint because it contains statements of law.

75. No response is required to Paragraph 75 of the First Amended Complaint because it contains statements of law.

76. Defendants lack knowledge sufficient to form a belief as to the allegations contained in Paragraph 76 of the First Amended Complaint, and therefore deny those allegations.

77. Defendants lack knowledge sufficient to form a belief as to the allegations contained in the first two sentences of Paragraph 77 of the First Amended Complaint, and therefore deny those allegations. Defendants deny the allegations in the remaining sentences of Paragraph 77 of the First Amended Complaint.

78. Defendants deny the allegations in Paragraph 78 of the First Amended Complaint.

79. Defendants deny that they have "destroyed" Plaintiff's credit score by reporting inaccurate and misleading information. Defendants lack knowledge sufficient to form a belief as to the remaining allegations contained in Paragraph 79 of the First Amended Complaint, and therefore deny those allegations.

80. Defendants deny Plaintiff is entitled to the relief sought in Paragraph 80 of the First Amended Complaint.

81. Defendants deny the allegations in Paragraph 81 of the First Amended Complaint.

**Count 8—Declaratory Judgment**

82. No response is required to Paragraph 82 of the First Amended Complaint because it is a statement incorporating prior paragraphs.

83. Defendants deny Plaintiff is entitled to the relief sought in Paragraph 83 of the First Amended Complaint.

84. Defendants deny Plaintiff is entitled to the relief sought in Paragraph 84 of the First Amended Complaint.

85. Defendants deny Plaintiff is entitled to the relief sought in Paragraph 85 of the First Amended Complaint.

86. Defendants deny Plaintiff is entitled to the relief sought in Paragraph 86 of the First Amended Complaint.

87. Defendants deny Plaintiff is entitled to the relief sought in Paragraph 87 of the First Amended Complaint.

88. Defendants deny Plaintiff is entitled to the relief sought in Paragraph 88 of the First Amended Complaint.

89. Defendants deny Plaintiff is entitled to the relief sought in Paragraph 89 of the First Amended Complaint.

90. Defendants deny Plaintiff is entitled to the relief sought in Paragraph 90 of the First Amended Complaint.

## VI. PRAYER

91. Defendants deny Plaintiff is entitled to the relief sought in the Prayer of the First Amended Complaint.

**AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

1. Some or all of Plaintiff's claims are barred by failure of consideration.

2. Plaintiff's claims are barred, in whole or in part, because Defendants' conduct was not the producing, nor the proximate, cause of Plaintiff's alleged losses, damages, and/or injuries.

3. Plaintiff's claims are barred, in whole or in part, because Plaintiff is unable to prove her alleged losses, damages, and/or injuries in accordance with Texas law.

4. Some or all of Plaintiff's claims are barred due to unclean hands.

5. Some or all of Plaintiff's claims are barred due to the statute of limitations.

6. Some or all of Plaintiff's claims are barred by her failure to perform her own contractual obligations.

7. Plaintiff lacks standing to pursue one or more of her claims.

8. Plaintiff's claims are barred, in whole or in part, due to the failure of a condition precedent.

9. Plaintiff is not entitled to her attorneys' fees.

10. Plaintiff's claims fail due to the doctrines of estoppel and/or quasi estoppel.

11. Defendants are entitled to an offset of any damages awarded under the doctrine of recoupment and offset.

12. Plaintiff has failed to state a claim upon which relief may be granted.

13. Defendants are equitably and contractually subrogated as to all of Plaintiff's claims.

**WHEREFORE**, Defendants pray that this Court enter judgment that Plaintiff take nothing

on her alleged claims, that Plaintiff's claims be dismissed in their entirety and for such other and further relief, both specific and general, at law and equity, to which Defendants may be entitled.

Respectfully submitted,

By: /s/ Matthew A. Knox
**Emily Stroope**
State Bar No. 24070692
estroope@mcglinchey.com
**MCGLINCHEY STAFFORD, PLLC**
6688 North Central Expressway, Suite 400
Dallas, Texas 75206
Phone: 214-445-2445
Facsimile: 214-445-2450

**Matthew A. Knox**
State Bar No. 24071102
mknox@mcglinchey.com
**MCGLINCHEY STAFFORD, PLLC**
1001 McKinney, Suite 1500
Houston, TX  77002
Telephone:     (713) 520-1900
Facsimile:     (713) 520-1025

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2021, I served the foregoing Defendants' Answer and Affirmative Defenses to Plaintiff's First Amended Complaint on all counsel of record by *Email* as follows:

*Via ECF and Email*
Rachel Sechelski
Attorney-in-Charge
State Bar No: 24096053
rsechelski@lonestarlegal.org
Amir Befroui
abefroui@lonestarlegal.org
500 Jefferson, 17th Floor
Houston, TX 77002
*Attorneys for Plaintiff*

/s/ Matthew A. Knox
Matthew A. Knox