UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JACQUELINE S. HALLIBURTON §<br>          Plaintiff, §<br>§<br>V. §<br>§<br>OCWEN LOAN SERVICING, LLC, §<br>PHH MORTGAGE CORPORATION, §<br>NEWREZ MORTGAGE LLC, and THE §<br>BANK OF NEW YORK MELLON §<br>TRUST COMPANY, NATIONAL §<br>ASSOCIATION AS TRUSTEE FOR §<br>RESIDENTIAL ASSET MORTGAGE §<br>PRODUCTS, INC., HOME EQUITY §<br>MORTGAGE ASSET-BACKED PASS- §<br>THROUGH CERTIFICATES, SERIES §<br>2004-KR2 §<br>          Defendants. § | CIVIL ACTION NO. 4:20-CV-00919 |

**PLAINTIFF'S SECOND AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

      COMES NOW Jacqueline S. Halliburton, Plaintiff, filing this Second Amended Complaint against Ocwen Loan Servicing, LLC, PHH Mortgage Corporation, NewRez Mortgage LLC, and The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank, as Trustee for Residential Asset Mortgage Products, Inc., Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2004-KR2, Defendants, and for causes of action would respectfully show the Court the following:

**I.    PRELIMINARY STATEMENT**

1.    Jacqueline S. Halliburton, a 74-year old homeowner, brings this action for breach of contract, and violations of the Texas Debt Collection Act (hereinafter "TDCA"), the Fair Debt Collection Practices Act (hereinafter "FDCPA"), the Truth in Lending Act (hereinafter "TILA"),

and the Fair Credit Reporting Act (hereinafter "FCRA").

2.     All of the claims stated herein stem from a pattern of inaccurate and wrongful servicing methods and debt collection activities related to Ms. Halliburton's mortgage loan on her homestead.

## II.     JURISDICTION AND VENUE

3.     This Court has subject-matter jurisdiction over this action under 28 U.S.C. §1331 for the federal questions, with supplemental jurisdiction for matters of state law under 28 U.S.C. §1367.

4.     This Court also has jurisdiction over this action under 28 U.S.C. §1332 for diversity of parties.

5.     Venue in this district is proper under 28 U.S.C. §1391(b)(2) in that Defendants transact business in this district, the conduct complained of occurred in this district, and the property that is the subject of this action is situated in this district.

## III.     PARTIES

6.     Plaintiff, Jacqueline S. Halliburton, is an individual who resides at 1361 Country Place Drive, Houston, Harris County, Texas 77079. Plaintiff is the borrower on a purchase money mortgage, and Defendants are attempting to foreclose on her homestead under this mortgage.

7.     Defendant Ocwen Loan Servicing, LLC (hereinafter "Ocwen") is a foreign limited liability company which does business in the State of Texas. Ocwen was the servicer for BONY when the Notice of Default was sent to Plaintiff.

8.     Defendant PHH Mortgage Corporation (hereinafter "PHH") is a foreign limited partnership which does business in the State of Texas. PHH is the current servicer of Plaintiff's mortgage. On information and belief, PHH is the successor to Ocwen by merger of the two entities.

9. Defendant NewRez Mortgage LLC (hereinafter "NewRez") is a limited liability company which does business in the State of Texas. NewRez is the current servicer c/o PHH.

10. Defendant The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank, as Trustee for Residential Asset Mortgage Products, Inc., Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2004-KR2 (hereinafter "BONY") is a foreign entity doing business in Texas. BONY is the Mortgagee/Investor for the above-referenced mortgage. BONY is vicariously liable for the actions of Ocwen, PHH, and NewRez in this matter.

## IV. FACTUAL BACKGROUND

### A. Ms. Halliburton entered into a mortgage contract in 2004.

11. The property in question, hereinafter "the Property," is located at 1361 Country Place Dr., Houston, Texas 77079. The legal description of the Property is:

> LOT FOUR (4), IN BLOCK NINE (9), OF MEMORIAL CLUB TOWNHOUSES, SECTION ONE (1), A SUBDIVISION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 174, PAGE 82 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS.

12. Plaintiff purchased the Property on or about June 3, 2004. As part of this purchase, she took out a mortgage with Southtrust Mortgage Corporation in the amount of $116,700.00. Ocwen became the servicer for the lender in 2013 until 2019 when PHH took over.

13. Plaintiff is a 74-year-old woman whose only sources of income are Social Security Retirement and an amount she makes each month from part-time employment. She has been paying this loan on her homestead for approximately seventeen years.

14. From June 2004 forward, Plaintiff Jacqueline S. Halliburton has lived in the Property and has claimed the Property as her homestead and Harris County Appraisal District has listed her as the owner of the property.

### B. Ms. Halliburton sues Ocwen in 2015 over servicing issues, and the case settles with a Loan Modification Agreement in 2016.

15. Plaintiff filed suit against Defendant Ocwen Loan Servicing, LLC in April 2015 alleging, inter alia, breach of contract, negligence, and conversion due to incorrect accounting and misapplication of her payments by Ocwen. That case was removed to federal court by Ocwen Loan Servicing, LLC in June 2015 where the parties eventually settled after mediation.

16. As part of the settlement, Plaintiff signed a Loan Modification Agreement with Ocwen on April 28, 2016 which included the present holder of the note and lien: BONY. The new principal and interest portion of the Plaintiff's payment was $484.76 and the escrow portion of the payment was $15.35 for a total monthly payment of $500.11.

17. Plaintiff has maintained homeowner's insurance with State Farm insurance since 2007. State Farm has annually provided evidence of this policy to each of the servicers of the Plaintiff's loan, which the various servicer Defendants ignored and continued to ignore. Plaintiff learned the $15.35 payment listed as the escrow portion of the payment detailed in the Loan Modification Agreement reflected the amount of the Spring Branch ISD property taxes for the year of 2016 divided by 12. Plaintiff's school district taxes are lower due to her homestead's lower value and her multiple property tax exemptions that have been in place since 2011.

### C. Ocwen imposed an insurance escrow after receiving proof that the Property was already insured.

18. After the settlement in 2016, Plaintiff set up an ACH deposit with Amegy Bank specifically to make mortgage payments to Defendants Ocwen and BONY. During 2017, Ocwen then imposed an insurance escrow amount, even though Plaintiff was maintaining insurance on her home via direct payment. When this added charge hit her account, her account fell into default. This led

Plaintiff to cancel her ACH debit authorization and begin sending most, if not all, of her payments to Ocwen via check sent by certified mail, return receipt requested.

19.     At some point in 2017, Ocwen began a practice of stamping these checks as received and returning them to Plaintiff uncashed.

> **D. Defendants' charge for insurance was unnecessary, created a default on Ms. Halliburton's account, and started a multi-year process of attempted foreclosures.**

20.     From November 2017 to March 2019, Plaintiff continued to send her mortgage payments to Ocwen via check. She sent checks for the past payments that had been returned and current payments. All checks were either stamped as received and returned to Plaintiff or went missing and were never returned, cashed, or applied to her mortgage loan account. In 2019, PHH and then NewRez, replaced Ocwen as servicer for Plaintiff's loan and began cashing Plaintiff's mortgage payments and placing them in a suspense account rather than applying the payments to her outstanding principal and accruing interest.

21.     Defendants scheduled foreclosure sales for July 2018, October 2018, and February 2019 in attempts to sell the Plaintiff's homestead. Defendants most recently had set the Plaintiff's homestead for foreclosure sale on March 3, 2020. The three previous foreclosures were all based on a notice of default letter dated January 26, 2018. Plaintiff's prior counsel sent counsel for Ocwen correspondence relaying the issues with the default letter and various accounting errors prior to each of the scheduled foreclosure sales. The attorney for Ocwen cancelled the sales after receiving these letters.

22.     The notice of default letter dated January 26, 2018 was sent by Ocwen. The total amount alleged in default is not correct. Ocwen created the default when it refused to accept Plaintiff's submitted mortgage payments. Plaintiff sent checks for the amount of the principal and interest

owed each month per the Loan Modification Agreement she signed. An additional escrow account for homeowner's insurance was not necessary to be collected by Ocwen since Plaintiff had proven to Defendants that she had her own insurance policy which she paid for each month. Additionally, Plaintiff provided Defendants with evidence that she kept her Spring Branch ISD property taxes paid annually.

23. PHH and NewRez later took over servicing of Plaintiff's loan. BONY and its current servicer then authorized another foreclosure sale, once again relying upon the January 26, 2018 notice of default. Notice of a sale on March 3, 2020 was issued and served. Plaintiff filed the instant suit and obtained a TRO to stop that sale. This is the fourth attempted foreclosure of Plaintiff's homestead sought by Defendants, and the first time she has had to seek injunctive relief to protect her home.

## V. CAUSES OF ACTION

**Count 1—Breach of Contract**

24. Plaintiff incorporates by reference the factual allegations contained in the preceding paragraphs.

25. Plaintiff signed a mortgage contract in 2004 and a subsequent loan modification agreement in 2016. The 2016 loan modification agreement states that "the insurance carrier providing the insurance shall be chosen by you [Borrower] subject Ocwen's approval which shall not be unreasonably withheld."

26. The modification agreement only set the escrow amount at $15.35 to pay for the Spring Branch ISD taxes for the year the agreement was signed. A partial escrow waiver was effectively instituted without charging for insurance premiums from April 28, 2016 until February 2017.

27. Although Plaintiff has continuously maintained hazard insurance on her home since 2007, Defendants nevertheless added insurance amounts to the expected escrow in early 2017. This served to double charge Plaintiff for insurance.

28. Plaintiff performed under the contract by tendering principal and interest payments to Defendants under the modification agreement. BONY is the holder of the note in question and Ocwen, PHH, and NewRez acted as servicing agents on BONY's behalf in the servicing of this loan.

29. Defendants breached the modification agreement when they continued to add insurance amounts to the escrow billing which served to double charge Plaintiff for insurance. Defendants further breached section 1 of the deed of trust by holding unapplied funds for an unreasonable period of time without applying such funds to any unpaid installments.

30. Defendants' material breaches of contract damaged Plaintiff.

**Count 2—Violation of the Texas Debt Collection Act ("TDCA")**

31. Plaintiff incorporates by reference the factual allegations contained in the preceding paragraphs.

32. The subject debt in this case qualifies as consumer debt under the TDCA since it is an obligation primarily for personal, family, or household purposes. Tex. Fin. Code § 392.001(2).

33. Ocwen, PHH, NewRez, and BONY are considered debt collectors under the TDCA. Tex. Fin. Code § 392.001(6).

34. The actions of Defendants Ocwen, PHH, NewRez, and BONY violated the TDCA when they misrepresented the character, extent, and amount of the debt alleged in the January 26, 2018 notice of default letter, as well as other correspondence to Plaintiff. See Tex. Fin. Code § 392.304(a)(8).

35. Defendants violated the TDCA by misrepresenting the character, extent, and amount of consumer debt to Ms. Halliburton and credit reporting agencies. See Tex. Fin. Code § 392.304(a)(8).

36. Pursuant to §392.403(b) of the Texas Finance Code, Plaintiff is requesting reasonable attorney's fees, injunctive relief, and damages.

**Count 3—Violation of the Fair Debt Collection Practices Act ("FDCPA")**

37. Plaintiff incorporates by reference the factual allegations contained in the preceding paragraphs.

38. Plaintiff is a "consumer" as defined by 15 U.S.C.A. § 1692a(3).

39. The subject debt and related alleged fees and costs qualify as a "debt" as defined by 15 U.S.C.A. § 1692a(5), as they are alleged obligations which arise out of a transaction for personal, family, or household purposes.

40. PHH and NewRez are "debt collectors" as defined by 15 U.S.C.A. § 1692a(6), because both entities regularly collect debts and use the mail and/or telephone to collect delinquent consumer accounts. PHH and NewRez are also "debt collectors" under the FDCPA, because the mortgage loan in question was in alleged default at the time PHH and NewRez began servicing the loan.

41. Defendants violated 15 U.S.C.A. § 1692e(2) through their debt collection efforts.

42. PHH and NewRez violated 15 U.S.C.A. § 1692e(2) when they misrepresented the character, amount, or legal status of the subject debt by (i) misrepresenting the amounts owed; (ii) declaring the loan in delinquent or default status; and (iii) threatening a foreclosure sale that was uncalled for.

43. Pursuant to 15 U.S.C. §1692k, Plaintiff is requesting actual damages, statutory damages of $1,000, costs and reasonable attorney's fees.

**Count 4—Violation of the Truth in Lending Act ("TILA")**

44. Plaintiff incorporates by reference the factual allegations contained in the preceding paragraphs.

45. Defendant BONY is a "creditor" under TILA.

46. Periodic statements were sent intermittently until April 2020 when they stopped being sent to Plaintiff. Plaintiff has had no way of knowing how her payments were being applied, if at all, for several months. BONY violated TILA by failing to send Plaintiff all TILA-required periodic statements since 2018. 15 U.S.C. § 1638(f)(1).

47. Plaintiff seeks statutory damages of $4,000 and attorney's fees under 15 U.S.C. § 1640 for these violations.

**Count 5—Violation of the Fair Credit Reporting Act ("FCRA")**

48. Plaintiff incorporates by reference the factual allegations contained in the preceding paragraphs.

49. Furnishers of information to consumer reporting agencies have a duty to report accurate information. Servicers who report information to consumer reporting agencies are considered furnishers under the FCRA. Ocwen, PHH, and NewRez are all furnishers under the FCRA.

50. If a consumer believes inaccurate information has been reported to consumer reporting agencies, that consumer can send a letter disputing the errors. See 15 U.S.C. § 1681s–2(b).

51. Plaintiff has disputed the credit reporting regarding her mortgage loan since February 2018. She has sent letters to both the consumer reporting agencies and Defendants. Plaintiff completed an online dispute with Transunion on July 31, 2020 and never received a response. Plaintiff sent

another detailed dispute letter via certified mail to Experian on or about November 21, 2020. Plaintiff included approximately 300 pages of evidence showing her payments were sent to Defendants timely and were wrongly reported as past due. Experian provided this dispute letter to the furnishers which responded by sending a report back to Experian.

52. Experian responded to Plaintiff's dispute letter on December 15, 2020 with the following language: "We have contacted the company reporting the information you disputed." In this Experian report, it shows a before/after view of Plaintiff's Ocwen and PHH Loan account's recorded history. Ocwen continues to allege Plaintiff was 30 and 60 days past due between May and July 2017, even though Plaintiff provided evidence of timely payments. Ocwen also did not make changes for payments made 2018 or any date thereafter. PHH did not make any changes regarding the disputes.

53. Under the FCRA, the recent dispute report provided to Plaintiff shows the Defendants failed to conduct a reasonable investigation and review all provided information in order to provide an accurate report of Plaintiff's payments to the consumer reporting agencies. Additionally, the report provided does not actually detail what investigation, if any, was done.

54. Plaintiff's credit has been damaged by Ocwen and PHH's negative, inaccurate, and misleading credit reporting. Plaintiff has had several credit applications denied due to the damage inflicted by Defendants to her credit report. Plaintiff has suffered emotional damages due to having to repeatedly dispute Defendant's credit reporting and every denial of credit has been harmful to Plaintiff's reputation.

55. Plaintiff is entitled to actual damages, attorney's fees, and costs under 15 U.S.C. § 1681o for a furnisher's negligent failure to comply with the above listed FCRA provision. If the violation is willful, the furnisher is liable for actual damages or minimum statutory damages between $100

and $1000, for punitive damages, as well as for costs and attorney fees. 15 U.S. Code § 1681n. Defendants' actions as furnishers in this case at a minimum were negligent, if not willful. Plaintiff disputed the information the Defendants provided in February 2018 and in a subsequent dispute in 2020, yet the Defendants did not correct the inaccurate information they reported to the credit reporting agencies nor did they reasonably reinvestigate Plaintiff's disputes. Defendants' actions were willful and therefore subject to punitive damages.

**Count 6 --- Preliminary and Permanent Injunction**

56.     Plaintiff requests, if necessary, that Defendants be cited to appear and show cause, and that on hearing, a preliminary injunction and later a permanent injunction be issued enjoining Defendants Ocwen Loan Servicing, LLC, PHH Mortgage Corporation, NewRez Mortgage LLC, and The Bank of New York Mellon Trust Company, National Association as Trustee for Residential Asset Mortgage Products, Inc., Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2004-KR2 and their attorneys, agents, servants, officers, directors, and employees from: foreclosing on Plaintiff's residential homestead; directly or indirectly selling or attempting to sell or encumber the Property; executing and enforcing any writs, orders, or judgments with regard to the Property; and removing Plaintiff from the Property through any means, including forcible entry and detainer and forcible detainer, and other conditions as the court deems equitable, including further order of the court or dismissal of this suit, whichever comes first.

## PRAYER

Plaintiff respectfully requests that the Defendants be cited to appear and answer and that, on final hearing, the Plaintiff have judgment as follows:

1. Order Defendants to delete all adverse credit reporting related to the loan and report corrections to payment history showing payments as current since the loan modification in 2016;

2. Damages against Defendants for their breach of the modification agreement and the deed of trust;

4. Specific performance to compel compliance with the modification agreement and the deed of trust;

5. A preliminary and a permanent injunction enjoining Defendants from foreclosing on Plaintiff's home for the aforementioned alleged default;

6. Actual, compensatory, punitive, and statutory damages against Defendants for their violations of the TDCA, FDCPA, TILA, and the FCRA, where available and applicable;

7. Pre and post judgment interest;

8. Costs and reasonable and necessary attorney's fees; and

9. Such other and further relief to which Plaintiff may be justly entitled.

**Plaintiff demands trial by jury.**

Respectfully submitted,

Lone Star Legal Aid

/s/ Rachel Sechelski
Rachel Sechelski
Attorney-in-Charge
State Bar No: 24096053
S.D. Tex. Bar No: 3471424
rsechelski@lonestarlegal.org
Amir Befroui
State Bar No: 24073547
S.D. Tex. Bar No: 1692397
abefroui@lonestarlegal.org
Richard Tomlinson
State Bar No. 20123500
S.D. Tex. Bar No. 390168
rtomlinson@lonestarlegal.org
1415 Fannin Street
Houston, TX 77002
Telephone: (713) 652-0077, ext. 1056
Fax: (713) 652-0044
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

  I hereby certify that on April 30, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and I hereby certify that I have served the foregoing on all counsel of record as follows:

> *Via ECF*
> Matthew A. Knox
> McGlinchey Stafford, PLLC
> 1001 McKinney, Suite 1500
> Houston, Texas 77002
> mknox@mcglinchey.com
> &
>
> Emily Stroope
> McGlinchey Stafford, PLLC
> 6688 North Central Expressway, Suite 400
> Dallas, Texas 75206
> estroope@mcglinchey.com
> ATTORNEYS FOR DEFENDANTS

/s/ Rachel Sechelski
Rachel Sechelski
